IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, a minor, by and through her parent and Guardian ad Litem, S. Ringer, and JOHN DOE, a minor, by and through his parent and Guardian ad Litem, A. Valdenegro,

Plaintiffs,

v.

LAKEPORT UNIFIED SCHOOL DISTRICT; KELSEYVILLE UNIFIED SCHOOL DISTRICT; and DOES 1 through 50, inclusive,

Defendants.

No. C 18-06211 WHA

**ORDER GRANTING ADMINISTRATIVE MOTION TO PERMIT GUARDIAN AD LITEM TO PROCEED UNDER PSEUDONYM AND GRANTING IN PART AND DENYING IN PART REQUEST TO FILE UNDER SEAL**

In this action brought under the common law, the California Education Code, the Government Code, Title IX, and other statutes, both plaintiffs, by and through their *guardians ad litem*, request that their *guardians ad litem* be permitted to proceed under the pseudonym of their first initial and last name and that their declarations be filed under seal (Dkt. Nos. 27, 28).

There is a strong public policy in favor of openness of our court system, and that the public is entitled to know to whom we are providing relief. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Parties may proceed under fictitious names, however, if anonymity is necessary "to preserve privacy in a matter of a sensitive and highly personal nature." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (citation omitted). A party requesting to remain anonymous must make an affirmative

showing that the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Ibid*.

This litigation involves minor plaintiffs' sexual assault. Plaintiffs argue that disclosure of plaintiffs' identity, accessible through a simple name search, could result in subsequent stigma that would follow plaintiffs for the rest of their lives. Plaintiffs further contend that because their guardians in this action are their parents, the disclosure of their guardians' identities would in effect reveal their own identities. By disallowing the minimal degree of anonymity sought here by plaintiffs, future sexual assault victims would likely be deterred from pursuing action in the courts. Such a policy runs counter to the public interest. Notably, defendants do not object to plaintiffs' petitions.

Given the sensitive nature of the subject matter of these proceedings and that plaintiffs are minors, for the time being, plaintiffs' petitions that their guardians proceed using their first initial and last names are **GRANTED**. In future filings, plaintiffs shall revise the case caption so that it is in accordance with this order. The undersigned judge will revisit this determination if, as the action proceeds, it becomes clear that plaintiffs' need for anonymity no longer outweighs the public's interest in knowing their identities.

As to plaintiffs' request that the supporting declarations by their guardians be filed under seal, those requests are **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request to file under seal the unredacted declaration of plaintiffs' guardians are **GRANTED** as to the guardians' first name and signature, but **DENIED** as to the guardians' last name. Going forward, a specific court order is required each time plaintiff seeks to redact personal information. *See* Local Rule 79-5(b).

**IT IS SO ORDERED.**

Dated: November 7, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE