IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through her parent and Guardian ad Litem, S. Ringer, and O.G., a minor, by and through his parent and Guardian ad Litem, A. Valdenegro,<br><br>Plaintiffs,<br><br>v.<br><br>LAKEPORT UNIFIED SCHOOL DISTRICT; KELSEYVILLE UNIFIED SCHOOL DISTRICT; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C 18-06211 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART KELSEYVILLE UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS** |

**INTRODUCTION**

In this action brought by a parent against a school district, the district moves to dismiss. The district's motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiffs O.G. and J.R., both minors under the age of eighteen, bring this action against defendants Kelseyville Unified School District and Lakeport Unified School District under several legal theories. Plaintiff J.R. has not made any allegations against Kelseyville Unified School District. As such, this order only addresses plaintiff O.G.'s allegations against

Kelseyville Unified School District. The following is taken from the allegations set forth in plaintiffs' first amended complaint (Dkt. No. 22).

Plaintiff O.G. is a male student with special needs, who was twelve years old at the time the alleged harassment began. Plaintiff O.G. alleges that while he was a student at Terrace Middle School in the Lakeport Unified School District, he was bullied and sexually harassed by "Bully," a fellow student.* Throughout the 2014–2015 school year, plaintiff alleges he was grabbed, pinned against school walls and fences, was called "gay" and a "little girl," and was repeatedly sodomized in the school's restroom during recess. Plaintiff's disability and fear of Bully prevented him from reporting the abuse until the end of the school year. As soon as plaintiff disclosed the abuse to his mother, she reported it to Terrace Middle School. The principal, however, did not respond until the end of the summer and took no further action. As a result of Lakeport Unified School District's failure to take any corrective action, plaintiff transferred to Mountain Vista Middle School in the Kelseyville Unified School District at the beginning of the 2015–2016 school year (First Amd. Compl. ¶¶ 21–23, 25–27).

Before his first day at Mountain Vista Middle School, plaintiff's mother informed the school principal at the time that plaintiff had transferred schools because of Bully's abuse. Plaintiff thrived at his new school. In the fall of 2016, however, Bully was transferred to Mountain Vista Middle School from Terrace Middle School. By then, the principal to whom plaintiff's mother had spoken about the prior harassment plaintiff suffered was no longer employed at Mountain Vista and a new principal had been hired. Plaintiff has not alleged that, at the time of Bully's transfer, his mother contacted the new principal to inform him of Bully's prior harassment (FAC ¶¶ 35, 41).

Upon Bully's transfer to Mountain Vista, he immediately began taunting plaintiff, stating "O.G, O.G., remember me?" Plaintiff alleges that Bully also stalked him in the halls, pinned him against a wall and called him "gay," and grabbed him then poked him in the anus on the outside of his clothing (FAC ¶¶ 35, 40).

---

\* For the purposes of this order, "Bully" refers to the harassing minor. The complaint does not allege Bully's legal name.

2

Once plaintiff's mother found out Bully was attending Mountain Vista Middle School and had resumed harassing plaintiff, she contacted the new school principal and pulled plaintiff out of school. Plaintiff's mother met with the principal and the school's individualized education plan (IEP) team to explain how the ongoing abuse was affecting plaintiff. Plaintiff's mother told both the principal and the IEP team that she had informed the predecessor principal at Mountain Vista about the abuse plaintiff suffered at Terrace Middle School and how that ultimately led to his transfer to Mountain Vista in the fall of 2015. Plaintiff's mother expressed concern that plaintiff was, once again, showing signs of fear and emotional deterioration as a result of Bully's harassment (FAC ¶¶ 35, 41–42).

Mountain Vista's principal informed plaintiff's mother that the school was unable to completely protect plaintiff from Bully. The principal also stated that because Bully resided within Kelseyville Unified School District and plaintiff did not, Bully was the district's priority, and not plaintiff. Plaintiff's mother responded by permanently removing plaintiff from Mountain Vista Middle School (FAC ¶¶ 44–44).

Plaintiff commenced this action against Kelseyville Unified School District in the Superior Court for the County of Lake on October 11. Kelseyville Unified School District removed this action to this Court on federal question removal grounds (Dkt. No. 1). The complaint alleges the following claims against Kelseyville Unified School District: (1) negligence under Section 815.2(a) of the California Government Code; (2) violation of Section 220 of the California Education Code; (3) deliberate indifference under Title XI; (4) disability discrimination under the ADA and Section 504 of the Rehabilitation Act of 1973; and (5) disability discrimination under the Unruh Civil Rights Act and Disabled Persons Act. Plaintiff seeks relief in the form of general damages, specific damages, compensatory damages, punitive damages, injunctive relief, statutory interests, costs, and attorney's fees. Kelseyville Unified School District now moves to dismiss the federal claim.

On October 18, defendant Lakeport Unified School District moved to stay this action in its entirety, pending the California Supreme Court's decision in *Big Oak Flat-Groveland Unified School District v. Superior Court*, 21 Cal. App. 5th 403 (2018), *cert. granted*, 419 P.3d

534 (June 13, 2018) (No. S247975). A December 21 order stayed plaintiffs' state law claims against Lakeport Unified School District, and stayed, *sua sponte*, plaintiff O.G.'s state law claims against Kelseyville Unified School District. As such, this order only reaches plaintiff O.G.'s federal claims against Kelseyville Unified School District. This order follows full briefing and oral argument.

**ANALYSIS**

**1. MOTION TO DISMISS.**

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court may generally consider only allegations in the pleadings, attached exhibits, and matters properly subject to judicial notice. The court accepts well-pled factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). Conclusory allegations or "formulaic recitation of the elements" of a claim, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

**A. Peer-to-Peer Harassment Claim Under Title IX.**

Plaintiff alleges he suffered severe harassment based on his deviation from gender norms in violation of Title IX (FAC ¶ 112). Under Title IX, a school district can be held liable for peer-to-peer harassment where: (1) a student is subject to harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school"; (2) the school district has actual knowledge of the harassment; and (3) the district remains deliberately indifferent to the harassment. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 650 (1999). Kelseyville Unified School District argues that neither actual knowledge nor deliberate indifference is adequately pled.

4

### *(1) Actual Knowledge.*

A school district is liable for damages for harassment under Title IX only when it has "actual knowledge" of the harassment. *Davis*, 526 U.S. 629 at 650. Damages may not be recovered unless an official "who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination." *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 284 (1998).

The parties do not dispute that at the beginning of the 2015–2016 school year, plaintiff's mother informed the principal at Mountain Vista at the time that plaintiff had transferred schools because of the harassment he suffered at Terrace Middle School (Dkt. Nos. 22, 33). So, the district was aware of the harassment at Terrace Middle School. Bully transferred to Mountain Vista in the fall of 2016. This is sufficient at the pleading stage to infer that the district was aware of the risk of resumption of the harassment.

### *(2) Deliberate Indifference.*

If actual notice is provided, an official's response is deemed "deliberately indifferent" only where the response is "clearly unreasonable in light of the circumstances." This is not a mere reasonableness standard. Rather, the heightened standard of "not clearly unreasonable" is more easily satisfied as a matter of law. *Davis*, 526 U.S. at 648–49. *Davis* was careful to note that its holding did not mean a recipient of federal funds must "purg[e] i[ts] school of actionable peer harassment or that administrators must engage in particular disciplinary action" in order to avoid liability for intentional discrimination. By invoking the "deliberate indifference to known acts of peer harassment" standard, the court provided school officials with flexibility to respond to harassment without being "second guessed," as long as their response is not "clearly unreasonable" under the circumstances. *Ibid.* This order finds that plaintiff adequately alleged that Kelseyville Unified School District acted with deliberate indifference.

Kelseyville Unified School District argues it was not afforded an opportunity to remedy the alleged harassment because plaintiff's mother removed him from Mountain Vista before

5

giving the school notice of the harassment (Dkt. No. 45 at 6). This order disagrees. Taking plaintiff's allegations as true, the complaint contains sufficient facts to show that plaintiff's mother put the school on notice of the alleged harassment, and the school, in turn, told plaintiff's mother that by virtue of living in the district, Bully was its priority, and not plaintiff. It is therefore understandable that plaintiff's mother felt she had no choice but to keep plaintiff from experiencing further harm by not returning him to school. As such, Kelseyville Unified School District's motion to dismiss plaintiff's Title IX claim is **DENIED**.

### B. ADA and Rehabilitation Act Claims.

In the amended complaint, plaintiff alleges Kelseyville Unified School District discriminated against him and denied him equal access to educational benefits by acting with deliberate indifference to pervasive and offensive "peer disability harassment" in violation of the ADA (FAC ¶ 121). Plaintiff also alleges a violation of Section 504 of the Rehabilitation Act of 1973 based on the same conduct. Both the ADA and Section 504 of the Rehabilitation Act prohibit discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Under the ADA, plaintiff must plausibly allege that he is a "qualified individual with a disability" and that Kelseyville Unified School District denied him benefits or services "by reason of" his disability. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); 42 U.S.C. § 12132. Under the Rehabilitation Act, plaintiff must do the same, except that the denial must have been "solely by reason" of his disability. Furthermore, to state a claim for money damages under either statute, plaintiff must allege intentional discrimination, which can be met by a showing of "deliberate indifference," which requires "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the

likelihood." *Duvall*, 260 F.3d at 1138.

Here, the parties do not dispute that plaintiff is a "qualified individual with a disability" under both statutes. Plaintiff has alleged that he suffers from autism and has an IEP (FAC ¶ 1). Plaintiff, however, has not alleged that he was denied benefits or services by Kelseyville Unified School District by reason of his disability, much less "solely by reason" of his

6

1  disability. Instead, plaintiff alleges in conclusory fashion that Bully's "peer disability
2  harassment" was so pervasive as to deprive him of "full and equal access" to education
3  benefits offered by Kelseyville Unified School District (FAC ¶ 121). Yet, the complaint only
4  contains allegations of harassment based on plaintiff's gender and perceived sexual orientation,
5  and not on the basis of his disability (FAC ¶ 35).

Plaintiff cites *Wormuth v. Lammersville Union School Dist.*, 305 F. Supp. 3d 1108, 1124–26 (E.D. Cal. 2018), for the proposition that a school district can be held liable for peer-to-peer discrimination under Section 504 of the Rehabilitation Act "no matter the motive" so long as the harassment impeded his access to a free public education and Kelseyville Unified School District failed to provide reasonable accommodations (Dkt. No. 44 at 15–16). *Wormuth*, however, does not control. Plaintiff has failed to allege discrimination based on plaintiff's disability. As such, defendants motion to dismiss plaintiff's claims under the ADA and Section 504 of the Rehabilitation Act is **GRANTED**.

### 2. REQUESTS FOR JUDICIAL NOTICE.

Kelseyville Unified School District has requested the undersigned take judicial notice of a redacted copy of notes from plaintiff's IEP meeting (Dkt. No. 45-1). This document indicates that a number of accommodations were extended to plaintiff in order to remedy the harassment and plaintiff's mother rejected them all. Plaintiff contests the validity of these notes. It is premature to get into the factual merits; we must confine our gaze to the well-pled allegations in the operative complaint. Because this is not the type of document that is subject to judicial notice, defendant's request for judicial notice as to the notes from plaintiff's IEP meeting is **DENIED**.

This order does not reach plaintiff's state law claims against Kelseyville Unified School District, as such, it does not reach defendant's request for judicial notice of plaintiff's Government Tort Claim.

### CONCLUSION

For the foregoing reasons, defendant Kelseyville Unified School District's motion is **GRANTED IN PART AND DENIED IN PART**. Kelseyville Unified School District's request for

judicial notice of plaintiff's IEP meeting notes is **DENIED**. Plaintiff may file a motion to obtain leave to amend his complaint and will have until **JANUARY 14, 2019,** to file such a motion. If plaintiff so moves, he should be sure to plead his best case. Any motion should explain how the proposed complaint overcomes all deficiencies.

**IT IS SO ORDERED.**

Dated: December 21, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE