IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through her parent and Guardian ad Litem, S. Ringer, and O.G., a minor, by and through his parent and Guardian ad Litem, A. Valdenegro,<br><br>Plaintiffs,<br><br>v.<br><br>LAKEPORT UNIFIED SCHOOL DISTRICT; KELSEYVILLE UNIFIED SCHOOL DISTRICT; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C 18-06211 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LAKEPORT UNIFIED SCHOOL DISTRICT'S MOTION TO STAY: STAYING KELSEYVILLE UNIFIED SCHOOL DISTRICT'S STATE LAW CLAIMS** |

In this action brought by parents against two school districts, defendant Lakeport Unified School District moves to stay this action in its entirety pending the California Supreme Court's decision in *Big Oak Flat-Groveland Unified School District v. Superior Court*, 21 Cal. App. 5th 403 (2018), *cert. granted*, 419 P.3d 534 (June 13, 2018) (No. S247975) ("*Big Oak")*. Lakeport Unified School District's motion to stay is **GRANTED IN PART AND DENIED IN PART**. Though defendant Kelseyville Unified School District has not so moved, this order *sua sponte* stays plaintiff's state law claims against it as well.

Under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (Dkt. No. 12 at 3). A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

Use of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Ibid.* Courts should consider:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).

Here, Lakeport Unified School District argues that the California Supreme Court's decision in *Big Oak* will determine whether plaintiffs were required to comply with Lakeport Unified School District's claim presentation requirement pursuant to Section 935(a) of the California Government Code prior to filing suit (Dkt. No. 12 at 1). If *Big Oak* answers this question in the affirmative, plaintiffs' state law claims will be barred.

Because the harm from granting a stay is not enough to justify a denial of defendant Lakeport Unified School District's motion and because a stay would prevent unnecessary litigation and hardship to both parties, this order exercises its discretion to stay plaintiffs' state law claims. This order does not stay plaintiffs' federal claims against either defendant.

In sum, Lakeport Unified School District's motion to stay plaintiffs' state law claims is **GRANTED.** In the interest of judicial economy and efficiency, this order *sua sponte* **STAYS** plaintiff O.G.'s state law claims against Kelseyville Unified School District. Discovery may proceed as to any aspect of a federal claim and is not barred merely because it might relate as well to a stayed claim. The parties shall file a joint status report on the progress of the aforementioned state court proceeding by **JUNE 21, 2019, AT NOON**.

**IT IS SO ORDERED.**

Dated: December 21, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE