IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J.R., a minor, by and through her parent and Guardian ad Litem, S. Ringer, and O.G., a minor, by and through his parent and Guardian ad Litem, A. Valdenegro,

    Plaintiffs,

v.

LAKEPORT UNIFIED SCHOOL DISTRICT; KELSEYVILLE UNIFIED SCHOOL DISTRICT; and DOES 1 through 50, inclusive,

    Defendants.

No. C 18-06211 WHA

**ORDER DENYING LAKEPORT UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS**

## INTRODUCTION

In this action brought by parents of two middle-school students against a school district, the district moves to dismiss. The district's motion is **DENIED**.

## STATEMENT

Plaintiffs O.G. and J.R., both minors, bring this action through their parents and guardians ad litem, against defendants Kelseyville Unified School District and Lakeport Unified School District. A prior order stated the facts as alleged against Kelseyville Unified School District (Dkt. No. 53). The facts alleged against Lakeport Unified School District are as follows.

"Bully," a middle-school student in the Lakeport Unified School District had a known history of sexually inappropriate behavioral issues. For example, Bully would openly

masturbate on the bus in-front of other students, poke other children with pencils in the anus region, and would shine mirrors up girls' skirts. The administrators at the middle school even kept a binder of complaints against Bully in the campus office (Dkt. No. 22 at ¶ 24).[1]

Throughout the 2014–2015 school-year, Bully's actions towards plaintiff O.G., a male middle-school student, age twelve, with special needs, included repeated sodomization in the school's restroom. Plaintiff O.G. disclosed the abuse to his mother at the end of the school year, who immediately reported it to the school. The school took no further action. Plaintiff O.G. subsequently transferred to another middle school in the Kelseyville Unified School District (*id.* at ¶¶ 21–23, 25–27).

The following school year, Bully became progressively more aggressive towards plaintiff J.R. In February 2016, J.R. reported to the yard duty that Bully grabbed at her breast, buttocks, and genital areas. The yard duty informed the school principal. Bully was thereafter suspended from the middle school (*id.* at ¶¶ 28–31).[2]

Through their parents and guardians ad litem, plaintiffs commenced this action against both Kelseyville Unified School District and Lakeport Unified School District in the Superior Court for the County of Lake in October 2018. Defendant Kelseyville removed (Dkt. No. 1). After plaintiffs filed an amended complaint that raised numerous state causes of action and federal claims (Dkt. No. 22), an order stayed plaintiffs' state law claims against both defendants (Dkt. No. 54). Another order granted in part and denied in part defendant Kelseyville's motion to dismiss as to the federal claims asserted against defendant Kelseyville (Dkt. No. 53).

As alleged against defendant Lakeport Unified School District, the amended complaint alleges four claims, three of which have been stayed (Dkt. No. 54). The sole remaining claim is an alleged Title IX claim. Thus, although Lakeport Unified School District now moves to

---

[1] For the purposes of this order, "Bully" refers to the harassing minor. The complaint does not provide Bully's legal name.

[2] The amended complaint does not specify the age of plaintiff J.R. or whether or not she was a student in the middle school at the time of these assaults. Subsequent filings have indicated that plaintiff J.R. was twelve years old.

2

dismiss all claims, this order only discusses the amended complaint's Title IX claim. This order follows full briefing and oral argument.

**ANALYSIS**

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To be liable for harassment under Title IX, the recipient of federal funds — here, defendant Lakeport Unified School District — must have actual notice of, and be deliberately indifferent to, the harassment. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998). Title IX liability for student-to-student harassment is limited "to circumstances wherein the recipient exercises substantial control over both the harasser and the context in which the known harassment occurs." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 644–45 (1999). Under Title IX, a school district can be held liable for peer-to-peer harassment where a student is subject to harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Id*. at 650. The operative complaint has alleged sexual assault against both O.G. and J.R. with sufficient detail to plausibly demonstrate severe and offensive peer-to-peer harassment depriving O.G. and J.R. access to the educational opportunities provided by a middle school.

Turning to whether or not defendant Lakeport had actual notice and acted with deliberate indifference, because liability may only arise from a recipient's "own misconduct," the recipient's deliberate indifference must "subject its students to harassment. That is, cause students to undergo harassment or make them liable or vulnerable to it." In this vein, school officials are generally accorded flexibility to respond to harassment without being "second guess[ed]," as long as their response is not "clearly unreasonable." *Davis*, 526 U.S. at 644–45, 648–49.

Before Bully began harassing J.R., O.G.'s mother informed the school principal that Bully had been sodomizing her son in the school bathrooms for the past several months. With

3

this information in hand, the school not only allowed Bully to remain in school, but did not appear to take any other remedial action. The lack of response to such predatory behavior is clearly unreasonable and plausibly subjected J.R. to the harassment. Thus, at this stage, there is no doubt that the school was on notice and acted with deliberate indifference as to plaintiff J.R.

As to plaintiff O.G., the operative complaint alleges that Lakeport kept a binder of complaints against Bully in the campus office. True, the operative complaint never specifies when the binder began to be assembled or what the binder of complaints against Bully contained. On a motion to dismiss, however, it is unfair to insist that a plaintiff plead specific facts that reside only in the secret files of a defendant and which, prior to discovery, can only be referenced on information and belief. Discovery will tease out the facts of what Lakeport knew about Bully and when they knew it. In light of the vast and detailed "known" history of bullying alleged in the operative complaint (such as poking children with pencils in the anus region and shining mirrors up girls' skirts), school administrators plausibly knew that Bully presented a substantial risk of abuse to other students, including O.G.

Defendant Lakeport unpersuasively highlights Bully's track record of abuse towards both male and female victims to argue that Bully, and by extension defendant Lakeport, did not discriminate. This absurd argument is the equivalent to arguing that one is not racist for discriminating against all other races. Taken to its logical conclusion, anyone could escape Title IX requirements by ensuring they discriminated "equally."

Moreover, defendant Lakeport glosses over that Bully did plausibly target plaintiffs for sexual assault because of J.R.'s gender and Bully's perception that O.G. did not conform to a gender stereotype (Bully would call O.G. "gay"). The middle school, and by extension defendant Lakeport, therefore plausibly "on the basis of sex . . . excluded from participation in . . . denied the benefits of, or . . . subjected to discrimination" plaintiffs J.R. and O.G. "under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

The operative complaint also satisfied the Rule 8(a) requirement to include a short and plain statement of the Title IX claim showing that plaintiffs are entitled to relief.

**CONCLUSION**

For the foregoing reasons, defendant Lakeport Unified School District's motion to dismiss is **DENIED**. Plaintiffs' request for judicial notice is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 10, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE