UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through her parent and Guardian ad Litem, S. RINGER, and O.G., a minor, by and through his parent and Guardian ad Litem, A. VALDENEGRO,<br><br>Plaintiffs,<br><br>v.<br><br>LAKEPORT UNIFIED SCHOOL DISTRICT, KELSEYVILLE UNIFIED SCHOOL DISTRICT, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C 18-06211 WHA<br><br>**ORDER DENYING MOTION TO SEAL** |

In this settled case regarding the sexual assault of two minors, plaintiffs seek to file under seal an *ex parte* petition. For the reasons that follow, the motion is **DENIED**.

The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right is justified by the interests of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard.

1  That is, the party must articulate compelling reasons supported by specific factual findings that
2  outweigh the general history of access and the public policies favoring disclosure, such as the
3  public interest in understanding the judicial process. . . . [T]he court must conscientiously
4  balance the competing interests of the public and the party who seeks to keep certain judicial
5  records secret." *Id.* at 1178–79 (cleaned up) (citation omitted). Thus, "[w]hat constitutes a
6  compelling reason is best left to the sound discretion of the trial court. Examples include when
7  a court record might be used to gratify private spite or promote public scandal, to circulate
8  libelous statements, or as sources of business information that might harm a litigant's
9  competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097
10 (9th Cir. 2016) (citations omitted).

11  The compelling reasons standard applies to the sealing of documents at class certification
12 and summary judgment because such motions are "more than tangentially related to the
13 underlying [claim]." The compelling reasons standard applies to most judicial records. But a
14 good cause standard applies to the sealing of documents that are unrelated or only tangentially
15 related to the underlying claim. *Id.* at 1098–99. "For good cause to exist, the party seeking
16 protection bears the burden of showing specific prejudice or harm will result if no protective
17 order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11
18 (9th Cir. 2002).

19  "A party must explore all reasonable alternatives to filing documents under seal,
20 minimize the number of documents filed under seal, and avoid wherever possible sealing entire
21 documents (as opposed to merely redacting the truly sensitive information in a document)."
22 Civ. L. R. 79-5(a). "Reference to a stipulation or protective order that allows a party to
23 designate certain documents as confidential is not sufficient to establish that a document, or
24 portions thereof, are sealable." Civ. L. R. 79-5(c).

25  Here, plaintiffs' petition requests an order to withdraw and provide the settlement funds
26 to plaintiffs, who are now adults eligible to receive the funds. In addition, plaintiffs' counsel
27 request to withdraw the remaining half of the attorney's fees from their client trust account.
28 Accompanying the petition are several medical records regarding plaintiff O.G.'s disability.

Because the petition relates to disbursement of settlement funds, it is only tangentially related to the underlying claims. Thus, the good cause standard applies to plaintiffs' motion to seal.

Plaintiffs have not met that standard. The administrative motion states only that the documents are sealable "pursuant to prior order of this court sealing documents filed in this case." Dkt. No. 118. But the prior sealing order merely (1) permitted plaintiffs to proceed using their first and last initials, (2) permitted plaintiffs' guardians to proceed using their first initials (but full last names), and (3) sealed two declarations of plaintiffs' guardians. Dkt. No. 43 at 2. Without any justification, plaintiffs now seek to seal much more than that order allowed. This does not suffice.

Moreover, the prior sealing order stated that, "[g]oing forward, a specific court order is required each time plaintiffs seek to redact personal information." Plaintiffs must explain, with particularity, why any document or portion thereof is sealable under the applicable legal standard. Thus, plaintiffs' administrative motion is **DENIED**. Plaintiffs shall file a revised motion consistent with this order by **AUGUST 22, 2022**, at **NOON**.

For the benefit of the parties and for the sake of efficiency, this order notes the following issues. *First*, per Dkt. No. 112 at 7, plaintiff O.G.'s guardian was ordered to "file proof that $81,939.62 was deposited into a blocked account with a federally insured bank for the benefit of O.G. and that O.G. can access the account when he reaches the age of majority." Such proof was never filed. Along with the revised motion, plaintiffs **SHALL FILE SUCH PROOF**.

*Second*, per Dkt. No. 112 at 7, the amount of the settlement fund left for O.G. (after deduction of attorney's fees and funds for O.G.'s guardian to purchase a vehicle) is **$64,604.22**. The *ex parte* petition, however, seeks to withdraw "$64,664.22 held in a blocked account at Wells Fargo Bank." The petition must either explain the discrepancy or be corrected.

*Third*, the *ex parte* petition and declaration use both of plaintiffs' full names rather than their initials in several locations. Plaintiffs must correct those errors.

*Fourth*, the *ex parte* petition seeks disbursement of the remaining half of the attorney's fees concurrent with the disbursement of plaintiffs' net settlement awards. But a prior order stated that "[t]he other half of the [attorney's] fees must remain in counsel's client trust account

3

*until counsel certify with this Court that all funds have been properly distributed . . . .*"
Dkt. No. 112 at 7 (emphasis added).  Thus, the remaining attorney's fees shall not be disbursed concurrent with the disbursement of plaintiffs' awards.  After plaintiffs receive their awards, then plaintiffs' counsel must move for an order permitting withdrawal of the remaining attorney's fees.  Plaintiffs shall adjust the petition accordingly.

**IT IS SO ORDERED.**

Dated:  August 15, 2022.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE